**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NATALIA CHAROFF | |
| Plaintiff | |
| | CIVIL ACTION NO. |
| v. | |
| MARMAXX OPERATING CORP., d/b/a TJ MAXX; | |
| TJX COMPANIES, INC., d/b/a TJ MAXX and | |
| TJ MAXX DEPARTMENT STORE | |
| Defendants | |

**NOTICE OF REMOVAL OF DEFENDANTS, MARMAXX OPERATING CORP., d/b/a TJ MAXX, TJX COMPANIES, INC., d/b/a TJ MAXX and TJ MAXX DEPARTMENT STORE**

Defendants, Marmaxx Operating Corp., d/b/a TJ Maxx; TJX Companies, Inc., d/b/a TJ Maxx and TJ Maxx Department Store, by and through its undersigned counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and pursuant to 28 U.S.C. §§1441 and 1332, hereby remove to this Court an action pending in the Court of Common Pleas of Philadelphia County, Pennsylvania. The grounds for this Removal are set forth below:

1. On or about August 20, 2018, Plaintiff, Natalia Charoff, commenced this civil action by the filing of a Writ of Summons in the Court of Common Pleas of Philadelphia County captioned "*Natalia Charoff vs. Marmaxx Operating Corp., d/b/a TJ Maxx; TJX Companies, Inc., d/b/a TJ Maxx and TJ Maxx Department Store at August Term, 2018, No. 1691.* In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Writ is attached hereto and incorporated herein as Exhibit "A."

2. On October 24, 2018, Plaintiff filed her civil action Complaint setting forth her claims against the Defendants. A true copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

3.      Plaintiff, Natalia Charoff, avers in the Complaint that she is a resident of the Commonwealth of Pennsylvania with a principal residence located at 378 Hunters Wood Drive, Wrightstown, Bucks County, PA 18940.  *See* Exhibit "A" at ¶ 1.

4.      In her Complaint, Plaintiff named Marmaxx Operating Corp., d/b/a TJ Maxx; TJX Companies, Inc., d/b/a TJ Maxx and TJ Maxx Department Store as Defendants.

5.      Marmaxx Operating Corp. ("Marmaxx") is a Virginia Corporation with a principal place of business at 770 Cochitaute Road in Framingham, Massachusetts.

6.      TJX Companies, Inc. is a Delaware Corporation with a principal place of business at 770 Cochitaute Road in Framingham, Massachusetts.

7.      There is no legal entity identified as "TJ Maxx Department Store."  TJ Maxx is a duly registered fictitious name.

8.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and which may be removed on the petition of the Defendants to this District Court pursuant to 28 U.S.C. §§ 1441 and 1446.

9.      Upon information and belief, the amount in controversy in this action, which includes the costs of indemnity for any adverse judgment against Defendants, exceeds $75,000, exclusive of interests and costs.

10.     Plaintiff alleges that she "sustained severe and permanent internal and external injuries" to various parts of her body including, but not limited to, a tear of the medial meniscus of the right knee, requiring arthroscopy and partial meniscectomy.  *See* Exhibit "B" at ¶ 15.

11.     Plaintiff further alleges that she "was forced to obtain medical treatment and incur various medical expenses which are ongoing and continuing."  *See* Exhibit "B" at ¶16.

12.     Pursuant to 28 U.S.C. §§ 1332(a), and 1441(a), this Court possesses original jurisdiction of this action because the amount in controversy exceeds $75,000 and because this action is between citizens of different states. That is, Plaintiff is diverse from each of the Defendants. Moreover, none of the Defendants is a citizen of the Commonwealth of Pennsylvania, where the original action was filed. Further, the Eastern District of Pennsylvania embraces Philadelphia County, where the current action is pending in the Court of Common Pleas of Philadelphia County in the Commonwealth of Pennsylvania.

13.     Pursuant to the United States Supreme Court's holding in *Chicago, R. I. & P. Ry. Co. v. Martin,*, 178 U.S. 245 (1900), this Notice of Removal is properly filed because all Defendants served in the state court action have consented to removal.

14.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it was filed less than thirty days from the service of the Complaint, the date upon which it first was ascertainable that the case is one which is removable because the Complaint is the first statement describing Plaintiff's alleged injuries and damages. No previous Notice of Removal has been filed or made to this Court for the relief sought herein.

15.     Accordingly, this lawsuit is properly removable from Pennsylvania State Court to the United States District Court, Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1332(a)(1), 1441(a) and 1446(b).

16.     Defendants expressly reserve the right to raise all defenses and objections in this action after it is removed to this Honorable Court.

17.     A true and correct copy of this Notice of Removal is being filed with the Prothonotary of Philadelphia County Court of Common Pleas, as provided by 28 U.S.C. § 1446(d).

18.     Written Notice of the filing of this Notice of Removal will be given to all served parties as required by 28 U.S.C. § 1446(d).

19.     No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions are hereby reserved to the Defendants.

WHEREFORE, Defendants, Marmaxx Operating Corp., d/b/a TJ Maxx; TJX Companies, Inc., d/b/a TJ Maxx and TJ Maxx Department Store, hereby remove the above-captioned action, which is now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

BONNER KIERNAN TREBACH & CROCIATA, LLP

BY: _____

MARK A. LOCKETT, ESQUIRE
Attorney ID No. 50023
Ten Penn Center Plaza, Suite 770
1801 Market Street
Philadelphia, PA 19103
Tel.: (215)569-4433
Fax: (215)569-4434
Attorney for Defendants,
Marmaxx Operating Corp., d/b/a TJ Maxx;
TJX Companies, Inc., d/b/a TJ Maxx and
TJ Maxx Department Store

4

## CERTIFICATE OF SERVICE

I, Mark A. Lockett, Esquire, hereby certify that a copy of Defendant's Notice of Removal was served via U.S. First Class Mail, postage prepaid, this 31st day of October, 2018 upon the following:

Neil Hoffman, Esquire
Amy Sokolson, Esquire
HOFFMAN, STERNBERG & KARPF, LLC
737 Second Street Pike
Southampton, PA 18966

BONNER KIERNAN TREBACH & CROCIATA, LLP

BY: _____

MARK A. LOCKETT, ESQUIRE
Attorney ID No. 50023
Ten Penn Center Plaza, Suite 770
1801 Market Street
Philadelphia, PA 19103
Tel.: (215)569-4433
Fax: (215)569-4434
Attorney for Defendant,
Marmaxx Operating Corp., d/b/a TJ Maxx;
TJX Companies, Inc., d/b/a TJ Maxx and
TJ Maxx Department Store

# Exhibit "A"

NEIL HOFFMAN, ESQUIRE
AMY SOKOLSON, ESQUIRE
HOFFMAN, STERNBERG & KARPF, LLC
737 SECOND STREET PIKE
SOUTHAMPTON, PA 18966
(215) 953-8955
IDENTIFICATION NO. 35592, 86511

MAJOR CASE
JURY TRIAL DEMANDED



ATTORNEY FOR PLAINTIFF

NATALIA CHAROFF                    :
378 Hunters Wood Drive            :
Wrightstown, PA 18940            :
                                          :
        vs.                              :
                                          :
MARMAXX OPERATING CORP.    :
d/b/a TJ MAXX                          :
c/o CT Corporation System       :
600 North 2nd Street, Suite 401 :
Harrisburg, PA 17101             :
                                          :
        and                             :
                                          :
TJX COMPANIES, INC.              :
d/b/a TJ MAXX                          :
c/o CT Corporation System       :
600 North 2nd Street, Suite 401 :
Harrisburg, PA 17101             :
                                          :
        and                             :
                                          :
TJ MAXX DEPARTMENT STORE  :
2424 East Lincoln Highway       :
Langhorne, PA 19047              :

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS
TRIAL DIVISION


AUGUST TERM, 2018

NO.

## **PRAECIPE FOR SUMMONS**

**TO THE PROTHONOTARY:**

        Kindly enter my appearance for the Plaintiff in the above-captioned matter and issue a

Summons in Civil Action.

                        HOFFMAN, STERNBERG & KARPF, LLC


                        By:_____
                              AMY SOKOLSON, ESQUIRE
                              Attorney for Plaintiff

DATE: 8/20/18

C.P.97

# Commonwealth of Pennsylvania

## CITY AND COUNTY OF PHILADELPHIA

SUMMONS
*CITACION*

Natalie Charoff
378 Hunters Wood Drive
Wrightstown, PA 18940

COURT OF COMMON PLEAS

August _____ Term, 20 18

No. _____

*vs.*

Marmaxx Operating Corp. d/b/a TJ Maxx

SEE COMPLETE   LIST OF ALL PARTIES

To[(1)]

| Marmaxx Operating Corp. d/b/a TJ Maxx | TJX Companies, Inc. d/b/a TJ Maxx |
|---|---|
| and | and |
| | TJ Maxx Department Store |

You are notified that the Plaintiff[(2)]
*Usted esta avisado que el demandante*[(2)]

Natalia Charoff

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*





JOSEPH H. EVERS
*Prothonotary*

By _____

Date   August 20, 2018

[(1)] Name(s) of Defendant(s)
[(2)] Name(s) of Plaintiff(s)

10-208 (Rev. 6/00)

Case ID: 180801691

**COURT OF COMMON PLEAS**

August _____ **Term, 20** 18 **. No.** _____

Natalie Charoff
378 Hunters Wood Drive
Wrightstown, PA 18940

vs.

Marmaxx Operating Corp. d/b/a TJ Maxx
SEE COMPLETED LIST OF ALL PARTIES

**SUMMONS**

Case ID: 180801691

COMPLETE LIST OF ALL PARTIES

| | |
|---|---|
| NATALIA CHAROFF<br>378 Hunters Wood Drive<br>Wrightstown, PA 18940 : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br>TRIAL DIVISION |
|       vs. : | |
| MARMAXX OPERATING CORP.<br>d/b/a TJ MAXX<br>c/o CT Corporation System<br>600 North 2nd Street, Suite 401<br>Harrisburg, PA 17101 : | |
|       and : | |
| TJX COMPANIES, INC.<br>d/b/a TJ MAXX<br>c/o CT Corporation System<br>600 North 2nd Street, Suite 401<br>Harrisburg, PA 17101 : | |
|       and : | |
| TJ MAXX DEPARTMENT STORE<br>2424 East Lincoln Highway<br>Langhorne, PA 19047 : | |

*1960.0046*

AMY SOKOLSON, ESQUIRE
HOFFMAN, STERNBERG & KARPF, LLC
737 SECOND STREET PIKE
SOUTHAMPTON, PA 18966
(215) 953-8955
ATTORNEY I.D. NO. 86511

MAJOR CASE
JURY TRIAL DEMANDED

Filed and Attested by the
Office of Judicial Records
24 OCT 2018 02:15 pm
M. RUSSO

ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| NATALIA CHAROFF | : |
| 378 Hunters Wood Drive | : |
| Wrightstown, PA 18940 | : |
| vs. | : |
| MARMAXX OPERATING CORP. | : |
| d/b/a TJ MAXX | : |
| c/o CT Corporation System | : |
| 600 North 2nd Street, Suite 401 | : |
| Harrisburg, PA 17101 | : |
| and | : |
| TJX COMPANIES, INC. | : |
| d/b/a TJ MAXX | : |
| c/o CT Corporation System | : |
| 600 North 2nd Street, Suite 401 | : |
| Harrisburg, PA 17101 | : |
| and | : |
| TJ MAXX DEPARTMENT STORE | : |
| 2424 East Lincoln Highway | : |
| Langhorne, PA 19047 | : |

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS
TRIAL DIVISION

AUGUST TERM, 2018

NO. 01691

**CIVIL ACTION**

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidias y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perer dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleva esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene al dinero suficiente de pagar tal servicio. Vaya en persona o llame por telephono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 | Asociacion de Licenciados<br>de Filadelfia<br>Servicio de Referencia e<br>Informacion Lega<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 |

Case ID: 180801691

AMY SOKOLSON, ESQUIRE
HOFFMAN, STERNBERG & KARPF, LLC
737 SECOND STREET PIKE
SOUTHAMPTON, PA 18966
(215) 953-8955
ATTORNEY I.D. NO. 86511

MAJOR CASE
JURY TRIAL DEMANDED


ATTORNEY FOR PLAINTIFF

NATALIA CHAROFF                          :
378 Hunters Wood Drive                    :
Wrightstown, PA 18940                     :
                                          :
           vs.                            :
                                          :
MARMAXX OPERATING CORP.                   :
d/b/a TJ MAXX                             :
c/o CT Corporation System                 :
600 North 2nd Street, Suite 401          :
Harrisburg, PA 17101                      :
                                          :
           and                            :
                                          :
TJX COMPANIES, INC.                       :
d/b/a TJ MAXX                             :
c/o CT Corporation System                 :
600 North 2nd Street, Suite 401          :
Harrisburg, PA 17101                      :
                                          :
           and                            :
                                          :
TJ MAXX DEPARTMENT STORE                  :
2424 East Lincoln Highway                 :
Langhorne, PA 19047                       :

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS
TRIAL DIVISION


AUGUST TERM, 2018

NO. 01691

## CIVIL ACTION

1.     Plaintiff, NATALIA CHAROFF, is an adult individual who currently resides at

378 Hunters Wood Drive, Wrightstown, Pennsylvania 18940.

2.      Defendant, MARMAXX OPERATING CORP. d/b/a TJ MAXX (hereinafter, "MARMAXX"), is a corporation authorized to conduct business within the Commonwealth of Pennsylvania, which regularly conducts business within the City and County of Philadelphia and maintains an address for service of process at c/o CT Corporation System, 600 North 2nd Street, Harrisburg, Pennsylvania 17101.

3.      At all times material to this Civil Action, Defendant, MARMAXX, acted or failed to act as an agent, servant, workman and/or employee of Defendants, TJX COMPANIES, INC. d/b/a TJ MAXX (hereinafter, "TJX") and TJ MAXX DEPARTMENT STORE (hereinafter, "TJ MAXX"), which was then and there acting within the course and scope of its employment with said Defendants and in furtherance of the business of said Defendants.

4.      In the alternative, at all times material to this Civil Action, Defendant, MARMAXX, acted or failed to act individually and/or through its agents, servants, workmen and/or employees who were then and there acting within the course and scope of their employment with said Defendant and in furtherance of the business of said Defendant.

5.      Defendant, TJX, is a corporation authorized to conduct business within the Commonwealth of Pennsylvania, which regularly conducts business within the City and County of Philadelphia and maintains an address for service of process at c/o CT Corporation System, 600 North 2nd Street, Harrisburg, Pennsylvania 17101.

6.      At all times material to this Civil Action, Defendant, TJX, acted or failed to act as an agent, servant, workman and/or employee of Defendants, MARMAXX and TJ MAXX, which was then and there acting within the course and scope of its employment with said Defendants and in furtherance of the business of said Defendants.

7.      In the alternative, at all times material to this Civil Action, Defendant, TJX, acted or failed to act individually or through its agents, servants, workmen and/or employees who were then and there acting within the course and scope of their employment with said Defendant and in furtherance of the business of said Defendant.

8.      Defendant, TJ MAXX, is a company authorized to conduct business within the Commonwealth of Pennsylvania, which regularly conducts business within the City and County of Philadelphia and maintains an address for service of process at 2424 East Lincoln Highway, Langhorne, Pennsylvania 19047.

9.      At all times material to this Civil Action, Defendant, TJ MAXX, acted or failed to act as an agent, servant, workman and/or employee of Defendants, MARMAXX and TJX, which was then and there acting within the course and scope of its employment with said Defendants and in furtherance of the business of said Defendants.

10.      In the alternative, at all times material to this Civil Action, Defendant, TJ MAXX, acted or failed to act individually or through its agents, servants, workmen and/or employees who were then and there acting within the course and scope of their employment with said Defendant and in furtherance of the business of said Defendant.

11.      Defendants, MARMAXX, TJX and TJ MAXX shall be collectively referred to, hereinafter, as the "DEFENDANTS".

12.      On or about September 9, 2016, the DEFENDANTS individually and/or collectively owned, operated, managed, maintained, possessed and/or controlled the property located at 2424 East Lincoln Highway, Langhorne, Pennsylvania 19047 (hereinafter, the "PROPERTY"), upon which the DEFENDANTS operated a store (hereinafter, the "STORE"), more commonly known as "TJ MAXX", which PROPERTY and STORE were open to the

general public, guests and/or business invitees such as Plaintiff, NATALIA CHAROFF.

13.     On or about September 9, 2016, at approximately 5:45 p.m., Plaintiff, NATALIA CHAROFF, was a guest upon the PROPERTY when she was caused to sustain various injuries as a result of falling due to the dangerous and defective condition that existed inside of the STORE, more specifically a wet and/or liquid substance that had spilled onto the floor.

14.     At all times relevant and material hereto, the DEFENDANTS were obligated to supervise, inspect, repair and/or maintain the PROPERTY, including the interior of the STORE, and to otherwise be responsible to keep the PROPERTY and the STORE in a condition that was safe for the general public, guests and/or business invitees such as Plaintiff, NATALIA CHAROFF.

15.     As a direct result of the Plaintiff's aforesaid fall, Plaintiff, NATALIA CHAROFF, sustained severe and permanent internal and external injuries in and about her body and limbs, including but not limited to:  tear in the medial meniscus of the right knee, which required arthroscopy and partial medial meniscectomy; prominent intrameniscal grade 2 changes in the posterior horn of the medial meniscus of the right knee confirmed by MRI; effusion and proximal sprain of the MCL of the right knee confirmed by MRI; right knee effusion; sprain of right knee; peroneal neuropathy at the fibular head on the right side; bilateral median nerve dysfunction/carpal tunnel syndrome, worse on the left, confirmed by EMG, which required left sided median nerve decompression; left volar ganglion cyst, which required flexor tenosynovectomy and excision of the cyst; cervical radiculopathy at the C6-C7 root level on the right confirmed by EMG; left wrist/hand pain; right foot sprain; contusion of right hip; cervicalgia; head, neck and spine trauma with cranial and cervical sprain and strain; cervicogenic headaches with traumatic occipital neuralgia; lumbosacral sprain and strain with SI joint dysfunction on the right side; and a severe

and permanent shock to her nervous system, all of which have caused her and will continue to cause her great pain and agony, and will continue to prevent her in the future from attending to her daily duties and occupations, all to her great financial damage and loss.

16.     As a direct result of the injuries sustained, Plaintiff, NATALIA CHAROFF, was forced to obtain medical treatment and incur various medical expenses which are ongoing and continuing.

17.     As a direct result of the accident and the injuries sustained therein, Plaintiff, NATALIA CHAROFF, has and may suffer an impairment of her earning capacity and power.

<div align="center">

COUNT I
NATALIA CHAROFF v. DEFENDANTS
(Negligence)

</div>

18.     Plaintiff, NATALIA CHAROFF, incorporates herein by reference the averments contained in paragraphs 1 through 17 inclusive, as fully as though the same were herein set forth at length.

19.     At the time of the aforesaid incident, the DEFENDANTS, acting as aforesaid, had negligently and carelessly allowed the PROPERTY and the STORE to deteriorate so, that they were in an unsafe condition and imposed a danger to general public, guests and/or business invitees such as the Plaintiff, NATALIA CHAROFF.   More specifically, said DEFENDANTS:

   a)   Created a dangerous and defective condition which they knew or should have known about;

   b)   Allowed the dangerous and defective condition to exist which they knew or should have known about;

   c)   Failed to inspect and detect the dangerous and defective condition which they knew or should have known about;

d)     Failed to correct the dangerous and defective condition which they knew or should have known about;

e)     Failed to warn the Plaintiff of the dangerous and defective condition which they knew or should have known about;

f)     Failed to maintain a sufficient number of employees at the PROPERTY and STORE to keep it in a safe condition for business invitees such as the Plaintiff;

g)     Failed to train its employees to keep the PROPERTY and the STORE in a condition safe from dangerous and defective conditions for business invitees such as the Plaintiff; and

h)     Violated the pertinent provisions of the Statutes of the Commonwealth.

20.    The aforementioned unsafe condition of the PROPERTY was the proximate cause of the injuries which Plaintiff, NATALIA CHAROFF, suffered on September 9, 2016.

WHEREFORE, Plaintiff, NATALIA CHAROFF, demands judgment against Defendants, MARMAXX OPERATING CORP. d/b/a TJ MAXX, TJX COMPANIES, INC. d/b/a TJ MAXX and TJ MAXX DEPARTMENT STORE, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars, ($50,000.00) plus interest and costs.

AMY SOROSSON, ESQUIRE
*Attorney for Plaintiff*

Dated: 10/23/18

## V E R I F I C A T I O N

     I, AMY SOKOLSON, as attorney for Plaintiff, NATALIA CHAROFF, verify that the statements made in this Pleading are true and correct to the best of my knowledge, information and belief.   I further understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsifications to authorities.

 

                                                  AMY SOKOLSON, ESQUIRE
                                                  *Attorney for Plaintiff*

Dated: 10/22/18

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Natalia Charoff

**(b)** County of Residence of First Listed Plaintiff    Bucks County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)* 215-953-8955
Amy Sokolson, Esquire
HOFFMAN, STERNBERG & KARPF, LLC
737 Second Street Pike, Southampton, PA 18966

## DEFENDANTS

Marmaxx Operating Corp., d/b/a TJ Maxx
TJX Companies, Inc., d/b/a TJ Maxx
TJ Maxx Department Store

County of Residence of First Listed Defendant    Middlesex County, MA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*   215-569-4433
Mark A. Lockett, Esquire
Bonner Kiernan Trebach & Crociata LLP
1801 Market Street, Suite 770, Philadelphia, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

' 3 Federal Question
*(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

XX' 4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | XX' 1 | ' 1 | Incorporated *or* Principal Place of Business In This State | ' 4 | ' 4 |
| Citizen of Another State | ' 2 | ' 2 | Incorporated *and* Principal Place of Business In Another State | ' 5 | XX' 5 |
| Citizen or Subject of a Foreign Country | ' 3 | ' 3 | Foreign Nation | ' 6 | ' 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ' 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |    Product Liability | |    28 USC 157 |    3729(a)) |
| ☐ 140 Negotiable Instrument |    Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |    Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|    & Enforcement of Judgment |    Slander |    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |    Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|    Student Loans | ☐ 340 Marine |    Injury Product | |    New Drug Application | ☐ 470 Racketeer Influenced and |
|    (Excludes Veterans) | ☐ 345 Marine Product |    Liability | | ☐ 840 Trademark |    Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |    Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending |    Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract |    Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) |    Exchange |
| ☐ 195 Contract Product Liability | 'X 360 Other Personal |    Property Damage |    Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |    Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - |    Product Liability | ' 751 Family and Medical | | ☐ 893 Environmental Matters |
| |    Medical Malpractice | |    Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |    Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |    Income Security Act |    or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party |    Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |    Sentence | |    26 USC 7609 |    Agency Decision |
| ☐ 245 Tort Product Liability |    Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | |    State Statutes |
| |    Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |    Other | ☐ 550 Civil Rights |    Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | |    Conditions of | | | |
| | |    Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

' 1 Original Proceeding    XX 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   XX Yes   'No

## VIII. RELATED CASE(S) IF ANY

None

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
10-31-18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:_____378 Hunters Wood Drive, Wrightstown, PA 18940_____

Address of Defendant:____770 Cochitaute Road, Framingham, MA_____

Place of Accident, Incident or Transaction:____2424 East Lincoln Highway, Langhorne, PA 19047_____
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes XX ☐     No ☐

Does this case involve multidistrict litigation possibilities?                    Yes ☐    No XX ☐
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐   No XX ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐   No XX ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes ☐   No XX ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes ☐   No XX ☐

CIVIL: (Place _ in ONE CATEGORY ONLY)
A. Federal Question Cases:

| B. Diversity Jurisdiction Cases: |

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts   1. ☐ Insurance Contract and Other Contracts
2. ☐ FELA                                    2. ☐ Airplane Personal Injury
3. ☐ Jones Act-Personal Injury               3. ☐ Assault, Defamation
4. ☐ Antitrust                               4. ☐ Marine Personal Injury
5. ☐ Patent                                  5. ☐ Motor Vehicle Personal Injury
6. ☐ Labor-Management Relations              6. XX ☐ Other Personal Injury (Please specify)
7. ☐ Civil Rights                            7. ☐ Products Liability
8. ☐ Habeas Corpus                           8. ☐ Products Liability — Asbestos
9. ☐ Securities Act(s) Cases                 9. ☐ All other Diversity Cases
10. ☐ Social Security Review Cases              (Please specify)
11. ☐ All other Federal Question Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I,_____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
                              Attorney-at-Law              Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.
DATE: 10-31-18    _____    50023
                     Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| NATALIA CHAROFF<br><br>                              Plaintiff<br><br>v.<br><br>MARMAXX OPERATING CORP., d/b/a TJ MAXX<br>TJX COMPANIES, INC., d/b/a TJ MAXX<br>TJ MAXX DEPARTMENT STORE<br>                             Defendants | CIVIL ACTION NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      **( X )**

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      ( )

| | | |
|---|---|---|
| *10-31-18* | Mark A. Lockett, Esq. | Defendants |
| **Date** | **Attorney at Law** | **Attorney for:** |
| 215-569-4433 | 215-569-4434 | mlockett@bonnerkiernan.com |
| **Telephone** | **Fax Number** | **E-Mail Address** |

**APPENDIX G**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATALIA CHAROFF<br><div align="right">Plaintiff</div><br>v.<br>MARMAXX OPERATING CORP., d/b/a TJ MAXX;<br>TJX COMPANIES, INC., d/b/a TJ MAXX and<br>TJ MAXX DEPARTMENT STORE<br><div align="right">Defendant</div> | CIVIL ACTION<br><br>NO.: |

DISCLOSURE STATEMENT FORM

Please check one box:

☐     The nongovernmental corporate party, _____ , in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☒     The nongovernmental corporate party, <u>Marmaxx Operating Corp.</u>, the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock.

<u>      The TJX Companies, Inc.      </u>

<u>10-31-18</u>
Date                            Signature

Counsel for :   <u>Defendants</u>

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
      (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY. A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.
      (b) TIME FOR FILING; SUPPLEMENTAL FILING. A party must:
           (1)      file the Rule 7.1(a) statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and
           (2)      promptly file a supplemental statement upon any change in the information that the statement requires.